EDILBERTA PÉREZ, Plaintiff and Appellant, *v.* JUAN RUPERTO ROSARIO, Defendant and Appellee.

No. 10394. Argued May 2, 1951.—Decided May 18, 1951.

*Juan Nevares Santiago* for appellant. *Faustino R. Aponte* for appellee.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

In dismissing the complaint in an action for support herein the trial court made the following findings of fact:

"The court finds as follows:

"1. That the plaintiff, Edilberta Pérez, married Juan Dávila Lugo in Ceiba, P. R., on December 3, 1948, having separated from her husband one or two months after the celebration of the marriage without said marriage having been dissolved pursuant to law.

"2. That between April and May, 1949 the plaintiff had sexual relations with the defendant, and on January 17, 1950 Edilberta gave birth to a child named Margarita Pérez."

The court then applied §§ 113 and 116 of the Civil Code, 1930 ed.,[1] and citing *People* v. *Santiago*, 70 P.R.R. 798, it arrived at the conclusion that the plaintiff was barred from contesting the paternity of her child.

On appeal the plaintiff contends that the court erred in applying §§ 113 and 116 of the Civil Code inasmuch as once the paternity is established, although the child be an adulterine child, the father is compelled to support it.

---

[1] Sections 113 and 116 of the Civil Code provide as follows:

"Section 113.—Legitimate children are those born 180 days after the marriage has been celebrated and before 300 days have passed after the marriage has been dissolved.

"Against legitimacy no other proof shall be admitted than the physical impossibility of the husband to use his wife within the first one hundred

 The appellant rests on a false premise, namely, that the court *a quo* found proved the fact of defendant's paternity. No such thing may be found in its findings. On the contrary, in its conclusions of law the court stated that "the essential question is whether plaintiff's testimony to the effect that the defendant is the father of the minor Margarita Pérez may be taken into consideration by the court in the light of § 116 of the Civil Code in order to determine the paternity of said minor," and further on it decided that pursuant to § 116, *supra*, a married woman cannot challenge the paternity of her child, and cited *People* v. *Santiago, supra,* wherein we said, p. 801, that "In enumerating those who may challenge the legitimacy, the Code, naturally, excluded those that it did not mention in said Section."

The appellant argues besides that she testified that her husband had left for Saint Thomas and that, therefore, she proved the physical impossibility to have had access to her. Accepting without deciding that said testimony were sufficient in a case contesting legitimacy—*cf. Cubano* v. *Del Valle,* 69 P.R.R. 538—we would always be met with the fact that § 116 of the Civil Code, *supra,* does not authorize the wife to contest the legitimacy of her child.

The facts in *People* v. *Rodríguez,* 67 P.R.R. 688, cited by the appellant, are different from the facts of this case. There we said that ". . . proof of the paternity is sufficient to definitely establish the right to support . . . ," no matter that the child be adulterine. Here the paternity of the child is established by law—§ 113 of the Civil Code, *supra*—as a

and twenty days of the three hundred days that have preceded the birth of the child."

"Section 116.—Legitimacy can only be disputed by the husband or his legitimate heirs. The latter can only contest the legitimacy of a child in the following cases:

"1. If the husband has died before the termination of the period fixed for instituting his action in court.

"2. If he shall have died after presenting his action without having desisted from it.

"3. If the child was born after the death of the husband."

legitimate daughter of appellant's husband. The lower court did not find proved that the appellee was the illegitimate father.

It should also be noted that in connection with this same case and in Certiorari No. 10, *Juan Ruperto Rosario* v. *District Court of Humacao*, we reversed, under the authority of *People* v. *Santiago*, *supra*, the judgment entered in the criminal action against appellee herein for abandonment of minors.

██ We do not see how Act No. 229 of May 12, 1942 (Sess. Laws, p. 1296), as amended by Act No. 243 of May 12, 1945 (Sess. Laws, p. 814), cited by the appellant, may be applicable to the facts of the instant case. Plaintiff's daughter is presumed to be a legitimate child, § 113, *supra*, and the appellant cannot by herself overcome that presumption to make her a natural child by virtue of Act No. 229.

The judgment will be affirmed.